**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

v.                                                       Case No. 8:10-CV-1533-T-30TGW

DAVID GEE, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court are Plaintiff's, a State of Florida prisoner proceeding *pro se*, civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and "Motion for Order for United States Marshal Service to Serve Complaint" (Dkt. 8). In his complaint, Plaintiff names David Gee, the Sheriff of Hillsborough County, and Officers David Parrish, Robert Melton, and Ronald Highsmith with the Hillsborough County Sheriff's Department as Defendants.

Because Plaintiff filed this action while incarcerated, and because he is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

After reviewing the complaint, it is apparent that the facts in the complaint fail to support a viable claim for relief under 42 U.S.C. § 1983 as to one or more of the named Defendants, and that portions of the complaint are subject to dismissal. Accordingly, the Court will grant Plaintiff the opportunity to file an amended complaint.

## Discussion

**Plaintiff's allegations**

Plaintiff's complaint essentially alleges the following: On July 10, 2004, Plaintiff was incarcerated at the Hillsborough County Jail, Tampa, Florida. During lunch that day, Plaintiff received "an inadequate lunch food tray..." Plaintiff notified Defendant Highsmith "of the deficiency of the meal tray." Defendant Highsmith told Plaintiff to "address the issue later on."

Soon thereafter, Plaintiff approached Defendant Highsmith at his duty station to discuss the food tray. Defendant Highsmith "scold[ed], rebuke[d], and admonished" Plaintiff for complaining about the food tray. Plaintiff, therefore, asked to speak to Defendant Highsmith's supervisor. Defendant Highsmith became "belligerent and pugnacious." Plaintiff then asked for a grievance complaint form. Defendant Highsmith responded by

criticizing Plaintiff for having filed prior grievances, and stating he had "suffered a chastisement and reprimand for providing Plaintiff with the complaint-grievance forms." Plaintiff then made a second request for a grievance complaint form. Defendant Highsmith "became incense[d]" and ordered Plaintiff to "get away from his desk."

Plaintiff did not leave. Instead, he "expressed his opinion of Defendant Highsmith's conduct and behavior as unprofessional[.]" Defendant Highsmith then "ordered Plaintiff to a punishment confinement holding cell."

Plaintiff then left Defendant Highsmith's duty station to go back to his assigned cell. Defendant Highsmith then "rushed from behind his desk and began making hostile and aggressive advances towards Plaintiff." Plaintiff backed away from Defendant Highsmith "attempting to avoid any physical confrontation." Defendant Highsmith charged Plaintiff and tackled him. Plaintiff fell back on to a plastic bunk lying on the floor. Defendant Highsmith landed on top of him. Plaintiff was then handcuffed and escorted to the medical department for treatment of a leg injury he sustained when Defendant Highsmith tackled him.

Plaintiff was later sent to administrative confinement and placed in a cell designed for unruly inmates. Thereafter, he was permanently assigned to administrative segregation as a result of Defendant Highsmith's allegations (see *infra*) regarding the incident.

On July 13, 2004, Defendant Melton filed a criminal report affidavit ("affidavit") charging Plaintiff with battery on a law enforcement officer. The affidavit essentially stated that on July 10, 2004, Defendant Highsmith ordered Plaintiff to a holding cell, but Plaintiff

3

refused and picked up a plastic chair and struck Defendant Highsmith with the chair several times, breaking Defendant Highsmith's wrist.

Plaintiff was prosecuted by the State of Florida for the battery on a law enforcement officer charge. A jury found him guilty. He received a life sentence as a violent career criminal. The appellate court, however, reversed the conviction because of an improper contact between Defendant Highsmith, the State's principal witness, and a juror. In March 2007, a new trial commenced. This time, however, the jury found Plaintiff not guilty of the battery on a law enforcement officer charge.

**Plaintiff's claims**

In his complaint, Plaintiff asserts the following claims:

(1) Defendants Highsmith and Melton conspired to violate his constitutional rights in violation of 42 U.S.C. § 1985;

(2) Defendant Highsmith retaliated against him for "engaging in 'protected conduct'";

(3) Defendant Highsmith used excessive force in violation of Plaintiff's rights under the Eighth Amendment;

(4) Defendants Highsmith and Melton filed a false report accusing Plaintiff of aggravated battery on Defendant Highsmith, and subjected him to malicious prosecution; and

4

(5)   Defendants Gee and Parrish negligently supervised Defendants Highsmith and Melton.

For relief, Plaintiff seeks compensatory, nominal, and punitive damages, and a declaration that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Analysis

### I.   Claim for Negligent Supervision against Defendants Gee and Parrish

Plaintiff's complaint alleges a state-law tort claim against Defendants Gee and Parrish for negligent supervision of Defendants Highsmith and Melton.[1]  A prisoner's claim of negligence against a sheriff is an action relating to the conditions of his confinement and is therefore subject to the one-year limitation period under Fla. Stat. § 95.11(5)(g). *Rogers v. Judd*, 2010 U.S. App. LEXIS 15869, *13 (11th Cir. July 29, 2010) (unpublished) (citation omitted). The underlying wrongful conduct of Defendants Highsmith and Melton that gives rise to Plaintiff's negligent supervision claim against Defendants Gee and Parrish occurred in July 2004, more than one year prior to the date Plaintiff filed his complaint in July, 2010. Thus, Plaintiff's negligent supervision claim is time-barred by the applicable statute of limitations.[2]  *See Keller v. Reed*, 603 So. 2d 717, 719 (Fla. 2d DCA 1992) ("Florida courts

---

[1] *Ellis v. Advanced Tech. Servs.*, 2010 U.S. Dist. LEXIS 92279,* 5-6 (M.D. Ala. Sept. 3, 2010) ("negligent supervision is a negligence-based claim").

[2] The Court notes that even if Plaintiff's negligence claim was subject to the four-year statute of limitation set forth in § 95.11(3)(a), Fla. Stat., the claim is still untimely.

have held that the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights."). Accordingly, Defendants Gee and Parrish are dismissed from this action.

## II.     Claim for Conspiracy Against Defendants Highsmith and Melton

In his complaint, Plaintiff alleges that "Defendant Highsmith along with Defendant Melton and others [sic] jail officials conspired to deprive Plaintiff of his rights in violation of 42 U.S.C.A. § 1985[.]" (Dkt. 1 at pg. 5). In order to state a claim for a § 1985 conspiracy, a party must allege the following elements:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1149 (11th Cir. 2009). "Additionally, to state a § 1985(3) claim, the plaintiff must allege 'invidious discriminatory intent' on the part of the defendants." *Montford v. Moreno*, 2005 U.S. App. LEXIS 10968, *22 (11th Cir. June 9, 2005) (unpublished) (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002)). A plaintiff must also show that the defendants were motivated by racial or class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984). "A simple allegation that defendants conspired to cover up wrongful actions is too

6

conclusory and too speculative to state a claim of conspiracy." *Riddle v. Caruso*, 2010 U.S. Dist. LEXIS 101684, *37 (W.D. Mich. Sept. 27, 2010) (citation omitted).

Plaintiff has failed to allege sufficient factual allegations showing the existence of a § 1985 conspiracy between Defendants. Moreover, he has not alleged that Defendants were motivated by a racial or class-based motive. Thus, Plaintiff's conspiracy claim is dismissed for failure to state a claim upon which relief may be granted. *See Almon v. Sandlin*, 603 F.2d 503, 505 (5th Cir. 1979) ("Insofar as Almon predicated his action upon 42 U.S.C. §§ 1985 and 1986, he failed to state a claim upon which relief could be granted because he did not allege that the conspirators were motivated by any racial, or otherwise class-based, invidiously discriminatory intent.").

### III. Retaliation Claim against Defendant Highsmith

The complaint asserts that "Defendant Highsmith sought to punish Plaintiff for engaging in 'Protected Conduct' in violation of Plaintiff's Fourteenth Amendment constitutional right." (Dkt. 1 at pg. 8). Claims that prison officials have retaliated against an inmate for exercising free speech or filing grievances are cognizable in a civil rights suit for damages. *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989)(First Amendment forbids retaliation against prisoners for exercising right of free speech); *Wildberger v. Bracknell*, 869 F.2d 1467 (11th Cir. 1989) (retaliation for filing administrative grievances). To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the harm complained of. *Farrow v. West*, 320 F.3d 1235, 1248-49

(11th Cir. 2003). A prisoner retaliation claim must be factual, and conclusory allegations of unconstitutional retaliation are insufficient. *Adams v. James*, 797 F.Supp. 940, 948 (M.D. Fla. 1992).

The complaint does not clearly specify Plaintiff's "protected conduct," and how Defendant Highsmith punished Plaintiff for engaging in the protected conduct. Thus, Plaintiff's retaliation claim fails to state a claim upon which relief may be granted. Plaintiff, however, will be granted the opportunity to file an amended complaint. In his amended complaint, Plaintiff must clearly identify the protected conduct he was engaging in, and how Defendant Highsmith retaliated against him for exercising a constitutional right.

**IV.     Excessive Force Claim Against Defendant Highsmith**

The complaint alleges that Defendant Highsmith used excessive force on Plaintiff in violation of Plaintiff's Eight Amendment rights. The Eleventh Circuit recently stated:

> The Eighth Amendment to the U.S. Constitution provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The use of force constitutes cruel and unusual punishment where it is applied "maliciously and sadistically to cause harm." *Skrtich*, 280 F.3d at 1300. Thus, in order to prevail on an excessive-force claim, a plaintiff must demonstrate that those who used force against him acted with malicious purpose. *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). In addition, a plaintiff must prove that a requisite amount of force was used against him. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (quotation omitted). In determining whether the amount of force used against an inmate was *de minimis*, a court may consider the extent of the injuries suffered by the inmate. *Skrtich*, 280 F.3d at 1302. Nevertheless, a court

> ultimately should decide an excessive force claim "based on the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 559 U.S. , , 130 S. Court. 1175, 1177, 175 L. Ed. 2d 995 (2010).

*Vicks v. Knight*, No. 09-15012, 2010 U.S. App. LEXIS 10773, 2010 WL 2079696, at *5 (11th Cir. May 26, 2010) (per curiam) (unpublished). Plaintiff's allegations that Defendant Highsmith used excessive force against Plaintiff are sufficient to state a claim for relief. Plaintiff adequately alleges that the amount of force applied was disproportionate to the need.

### V. Malicious Prosecution Claim Against Defendants Highsmith and Melton

In his complaint, Plaintiff asserts a claim of malicious prosecution pursuant to the Fourth Amendment against Defendants Highsmith and Melton. *See Uboh v. Reno*, 141 F.3d 1000, 1001, 1003 (11th Cir. 1998) (holding that allegations that officials have falsified affidavits and sought an indictment on fabricated charges must be construed as a malicious prosecution claim under the Fourth Amendment). The elements of malicious prosecution under § 1983 consist of: (1) a judicial proceeding commenced against the plaintiff by the defendant(s); (2) malice and lack of probable cause for the judicial proceeding; (3) favorable termination; and (4) damages suffered as a result. *Chaney v. City of Orlando. Fla.*, 291 F. App'x 238, 242 (11th Cir. 2008), *cert. denied*, 129 S. Court. 2387 (2009). An acquittal can satisfy the favorable termination requirement. *See Uboh*, 141 F.3d at 1005.

In his complaint, Plaintiff alleges that in order to cover up Defendant Highsmith's use of excessive force on Plaintiff, Defendants Highsmith and Melton filed a false criminal report affidavit alleging Plaintiff struck Defendant Highsmith with a chair several times and broke

9

his wrist (Dkt. 1 at pgs. 11-13). Plaintiff was ultimately acquitted of the charge of aggravated battery on a law enforcement officer. As a result of the criminal charge against him, Plaintiff was permanently assigned to the most restrictive segregation in his prison. In light of these allegations, the Court cannot find that Plaintiff's malicious prosecution claim is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Thus, Plaintiff's malicious prosecution claim may proceed against Defendants Highsmith and Melton.[3]

## Leave to Amend

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-

---

[3] In the complaint, Plaintiff alleges that Defendants Highsmith and Melton's false criminal report affidavit was filed "with malice intent and bad faith," and in filing the false affidavit they "were possibly acting outside the course and scope of their employment..." (Dkt. 1 at pg. 13). Florida Statute, Section 768.28(9)(a) states in pertinent part that:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action *in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose* or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

(emphasis added). The allegations closely track the language in Section 768.28. To the extent Plaintiff is attempting to assert a state tort law claim against Defendants Highsmith and Melton for malicious prosecution, he must specifically allege a separate pendent state-law claim for malicious prosecution in his amended complaint.

approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff *must* limit his allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

5. Because Plaintiff will be required to file an amended complaint, his "Motion for Order for United States Marshal Service to Serve Complaint" (Dkt. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 14, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff