**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

v.                                                Case No. 8:10-CV-1533-T-30TGW

DAVID GEE, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's Motion to Vacate Dismissal Order and Extend Time to Comply with Court's Order ("motion") (Dkt. 13) in which Plaintiff requests: 1) the Court vacate its December 15, 2010 order dismissing this action for Plaintiff's failure to timely file his amended complaint and diligently prosecute this action (see Dkt. 12); and 2) grant an extension of time to file an amended complaint.  In his motion, Plaintiff asserts that he was unable to timely file his amended complaint or a notice of change of address because on November 23, 2010, he was transferred to the Hillsborough County Jail where he was deprived "writing and mailing supplies" needed to prepare his amended complaint or notice of change of address.

    Rule 60 of the Federal Rules of Civil Procedure provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or *excusable neglect*;

(emphasis added). The Court finds that Plaintiff has demonstrated excusable neglect for failing to timely comply with the Court's order to file an amended complaint.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff's motion (Dkt. 13) is **GRANTED**.

2. The Order dismissing this action (Dkt. 12) is **VACATED**.

3. The Clerk of the Court shall reopen this case.

4. Plaintiff shall, on or before **February 25, 2011**, file an amended complaint in conformity with the Court's October 14, 2010 order (see Dkt. 9). Failure to comply with this order within the allotted time **shall** result in the **dismissal** of this action **without further notice**.[1]

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff

---

[1] Plaintiff is cautioned that dismissal of this action without prejudice may effectively be a dismissal with prejudice because of the running of the statute of limitations. *See Wingfield v. Sec'y, Dep't of Corrections*, 203 Fed. Appx. 276, 278 (11th Cir. 2006) (unpublished opinion) ("where a dismissal 'has the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with prejudice.'") (quoting *Justice v. United States*, 6 F.3d 1474, 1482 n. 15 (11th Cir. 1993) (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)).