UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

v.                                  Case No. 8:10-CV-1533-T-30TGW

RONALD HIGHSMITH, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or in the Alternative Motion for a More Definite Statement ("motion") (Dkt. 26), and Plaintiff's response in opposition (Dkt. 27). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part, and denied in part.

## BACKGROUND

Plaintiff, Johnnie Fitzgerald Howard, a prisoner proceeding *pro se*, sues Defendants, Ronald Highsmith and Robert Melton, deputies with the Hillsborough County Sheriff's Department, in their individual and official capacities.

On July 10, 2004, Plaintiff was incarcerated at the Hillsborough County Jail, Tampa, Florida.[1] During lunch that day, Plaintiff received "an inadequate lunch meal tray. . . ."

---

[1] At this juncture of the proceedings, the Court must accept the well-pleaded allegations of Plaintiff's amended complaint as true, and view the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Plaintiff notified Defendant Highsmith "of the deficiency relating to the food tray." Defendant Highsmith told Plaintiff to "address the issue later."

Soon thereafter, Plaintiff approached Defendant Highsmith "making attempts to readdress the deficient lunch tray." Defendant Highsmith "scold[ed] and admonished" Plaintiff for complaining about the food tray. Plaintiff, therefore, asked to speak to Defendant Highsmith's supervisor. Defendant Highsmith became "belligerent and pugnacious." Plaintiff then asked for an administrative grievance form. Defendant Highsmith responded by criticizing Plaintiff for having filed prior grievances, and stating that he had "suffered a chastisement and reprimand for providing Plaintiff with the complaint forms." Plaintiff then made a second verbal request to Defendant Highsmith for a grievance complaint form. Defendant Highsmith "became incensed" and ordered Plaintiff "away from his desk."

Plaintiff did not leave. Instead, he "expressed his opinion of Defendant Highsmith's conduct and behavior as unprofessional[.]" Defendant Highsmith then "ordered Plaintiff to a punishment holding cell."

As Plaintiff started to leave Defendant Highsmith's desk, Defendant Highsmith then "rushed from behind the desk and began making hostile and aggressive advances towards Plaintiff." Plaintiff backed away from Defendant Highsmith. Defendant Highsmith charged Plaintiff and tackled him. Plaintiff fell backwards on to a plastic bunk lying on the floor. Defendant Highsmith landed on top of him. Plaintiff was then handcuffed and escorted to

the medical department for treatment of a leg injury he sustained when Defendant Highsmith tackled him.

Plaintiff was later sent to administrative confinement. Thereafter, he was permanently assigned to segregation as a result of Defendant Highsmith's allegations (see *infra*) regarding the incident.

On July 13, 2004, in order to cover up Defendant Highsmith's use of force on Plaintiff, Defendant Melton filed a criminal report affidavit ("affidavit") charging Plaintiff with aggravated battery on a law enforcement officer. The affidavit essentially stated that on July 10, 2004, Defendant Highsmith ordered Plaintiff to a holding cell for inappropriate behavior, but Plaintiff refused and picked up a plastic chair and struck Defendant Highsmith with the chair several times, breaking Defendant Highsmith's wrist.

Plaintiff was prosecuted by the State of Florida for the aggravated battery on a law enforcement officer charge. A jury found him guilty. He received a life sentence as a violent career criminal. The appellate court, however, reversed the conviction because of an improper contact between Defendant Highsmith, the State's principal witness, and a juror. On March 6, 2007, a new trial commenced. This time, however, the jury found Plaintiff not guilty of the aggravated battery on a law enforcement officer charge.

Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983 on July 7, 2010 (Dkt. 1). He filed his amended complaint on February 24, 2011 (Dkt. 16). Plaintiff brings a claim against Defendant Highsmith for excessive force in violation of the Eighth Amendment. He also brings a claim against Defendants Highsmith and Melton for malicious

prosecution in violation of the Fourth Amendment. As relief, Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, and "such other relief as it may appear that Plaintiff is entitled." (Dkt. 16 at 12).

Defendants now move to dismiss Plaintiff's amended complaint. Defendants assert that: 1) the claims against Defendants in their official capacities must be dismissed; 2) the retaliation claim against Defendant Highsmith fails to state a claim; 3) the excessive force claim against Defendant Highsmith is barred by the applicable statute of limitation; and 4) the amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. In the alternative, Defendants move for a more definite statement.

## STANDARD OF REVIEW

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. at 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs.*, Inc., 769

F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## DISCUSSION

### I.   Official Capacity Claims

Defendants are sued in both their official and individual capacities (Dkt. 16 at 1). Defendants assert that they are improperly named in their official capacities. In his response, Plaintiff concedes this point and acquiesces to the dismissal of Defendants in their official capacities (Dkt. 27 at 8-9). Therefore, the claims against Defendants will be dismissed insofar as they are brought against them in their official capacities.

### II.   Retaliation Claim

Defendants argue that the amended complaint fails to state a claim upon which relief can be granted against Defendant Highsmith for retaliation. In his response, Plaintiff submits that when he filed his amended complaint, he abandoned his retaliation claim (Dkt. 27 at 4). The Court agrees with Plaintiff that the amended complaint does not allege a claim for retaliation. Consequently, it is unnecessary to address Defendants' argument that the amended complaint fails to state a claim for retaliation.

### III.   Malicious Prosecution Claim

Defendants argue that the amended complaint fails to state a claim for malicious prosecution against Defendants in their official capacities. As stated, *supra*, all claims against Defendants in their official capacities are subject to dismissal. Defendants do not

move to dismiss the malicious prosecution claim against Defendants in their individual capacities. Accordingly, this action shall proceed on Plaintiff's malicious prosecution claim against Defendants.

## IV. Excessive Force Claim

Defendants argue that the excessive force claim against Defendant Highsmith is barred by the applicable statute of limitations. Specifically, Defendants argue that the excessive force claim is subject to the one-year limitation period pursuant to Section 95.11(5)(g), Fla. Stat. The Court disagrees. The Eleventh Circuit Court of Appeals has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester*, 275 Fed. Appx. 900, 901-902 (11th Cir. 2008) (unpublished opinion) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam)).

In support of their argument, Defendants rely on the Eleventh Circuit opinion in *Rogers v. Judd*, 389 Fed. Appx. 983 (11th Cir. 2010) (unpublished opinion). In *Rogers*, however, the Eleventh Circuit applied Florida law and concluded that the prisoner's *state law* negligence, assault, and battery claims were subject to the one-year limitation period in Section 95.11(5)(g), and therefore time-barred because the claims were filed more than three years after they accrued. *Id.* at 988-89. *Rogers* did not hold that the prisoner's Eighth Amendment claim was likewise subject to Section 95.11(5)(g).

This Court concludes that *Rogers* does not "override the well-established four year statute of limitations" for § 1983 claims arising in Florida. *See Wilkins v. Monastero*, 2010

U.S. Dist. LEXIS 84514, at *7 (N.D. Fla. July 16, 2010). Accordingly, Plaintiff's excessive force claim is not barred by the one-year limitation period in Section 95.11(5)(g).

## V. Federal Rules of Civil Procedure 8 and 10

Defendants argue that the amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b) by failing to plead with specificity "in which *capacity* and specifically *how* Defendants...violated [Plaintiff's] rights." (Dkt. 26 at 10-11) (emphasis in original). Defendants further assert that they "are unable to adequately respond" to the amended complaint "in its current form." (Id. at 11). Therefore, Defendants request the Court dismiss the amended complaint, or in the alternative order a more definite statement.

"Rule 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . .[and] each claim found upon a separate transaction or occurrence . . . shall be stated in a separate count.' Fed.R.Civ.P. 10(b)." *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. 2006).

To satisfy the pleading requirements of Rule 8, a complaint need only give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted." *McReynolds v.*

*Ala. Dep't of Youth Servs.*, 204 Fed. Appx. 819, 822 (11th Cir. 2006) (citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)). The amended complaint asserts facts that sufficiently allege both elements necessary for a claim of excessive force in violation of the Eighth Amendment.

With respect to Plaintiff's malicious prosecution claim, in *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004), the Eleventh Circuit stated:

> To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003), *cert. denied*, 540 U.S. 879, 157 L. Ed. 2d 143, 124 S. Ct. 298 (2003).
>
> * * *
>
> Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986)).

*Id*. at 1234.

The amended complaint alleges facts which show that: 1) Defendants were the cause of the commencement of the judicial proceedings against Plaintiff for aggravated battery on Defendant Highsmith; 2) the judicial proceedings terminated in Plaintiff's favor; and 3) as a result of Defendants' allegations against Plaintiff, he was reassigned to the most restrictive

level of segregation. Further, taking the facts alleged in the amended complaint as true, there was no probable cause for the aggravated battery charge, and the Defendants acted with malice when they brought a false charge against Plaintiff to cover up Defendant Highsmith's excessive use of force on Plaintiff. *See Uboh v. Reno*, 141 F.3d 1000, 1001, 1003 (11th Cir. 1998) (holding that allegations that officials have falsified affidavits and sought an indictment on fabricated charges must be construed as a malicious prosecution claim under the Fourth Amendment). The amended complaint asserts facts that sufficiently allege all the elements necessary for a claim of malicious prosecution in violation of the Fourth Amendment.

Plaintiff need only plead facts sufficient to provide Defendants with fair notice of what the claim is and the grounds upon which it rests, *see United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003), a burden which the Court is convinced Plaintiff has met. See Fed. R. Civ. P. 8(a) (2011).[2]

Finally, Plaintiff has adequately stated his claims in numbered paragraphs and separate counts as required by Fed.R.Civ.P. 10(b).

ACCORDINGLY, the Court **ORDERS** that:

1.      Defendants' motion (Dkt. 26) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** solely to the extent that the claims against Defendants in their

---

[2]As noted *supra*, the claims will proceed against Defendants in their individual capacities only.

official capacities are **DISMISSED**. The motion is otherwise **DENIED**. The Alternative Motion for More Definite Statement is **DENIED**.

2. This action shall proceed on Plaintiff's Eighth Amendment excessive force claim against Defendant Highsmith in his individual capacity, and Fourth Amendment malicious prosecution claim against Defendants Highsmith and Melton in their individual capacities.

3. Defendants shall file their answer and defenses to Plaintiff's amended complaint within ten (10) days of this order.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff
                Counsel of Record