UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

v.                                           Case No. 8:10-CV-1533-T-30TGW

ROBERT MELTON, Deputy Sheriff of
Hillsborough County, in their individual
and official capacity, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's "Request Subpoena to Produce Documents be Served" (Dkt. 35) in which Plaintiff moves the Court to order the United States Marshals Service to serve subpoenas on non-parties to compel them to produce documents.

It is the Plaintiff's responsibility to serve the subpoenas. Plaintiff has not tendered the fees that must be paid before service of a subpoena is complete.[1] *See Lloyd v. McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985) (28 U.S.C. § 1915(d) does not abrogate the requirement that fees must be tendered before service of the subpoena). This Court is not required to fund Plaintiff's litigation efforts, which includes serving subpoenas for indigent parties in civil proceedings.

---

[1] If Plaintiff decides to have subpoenas served by the United States Marshal Service, the costs of service of subpoenas by the Marshal is set forth in 28 C.F.R. 0.114.

To the extent the motion may be construed as a request for subpoenas, Federal Rule of Civil Procedure 45(a)(3) states in pertinent part that "[t]he clerk must issue a subpoena, *signed but otherwise blank*, to a party who requests it. That party must complete it before service." (emphasis added).

**ACCORDINGLY**, the Court **ORDERS** that Plaintiff's "Request Subpoena to Produce Documents be Served" (Dkt. 35) is **GRANTED** solely to the extent that the **Clerk of the Court** shall mail Plaintiff, along with his copy of this Order, two subpoenas, signed but otherwise blank, which Plaintiff may complete and serve in compliance with Rule 45.[2] The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff
 Counsel of Record

---

[2] Plaintiff is cautioned that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1).

2