# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

v.                                          Case No. 8:10-CV-1533-T-30TGW

ROBERT MELTON, et al.,

    Defendants.
_____/

## ORDER

      Before the Court are Plaintiff's Motion to Compel Discovery ("motion to compel") (Dkt. 38), and Motion to Extend Fact Discovery Cut-Off Date ("motion for extension") (Dkt. 41).

**Motion to Compel**

      Pursuant to Federal Rules of Civil Procedure, Rules 34 and 37, Plaintiff moves the Court to order Defendants "to produce for inspection and copying" documents in response to his discovery requests.[1] The motion was served on Defendants' counsel on March 7, 2012 (Dkt. 38 at p. 12). Local Rule 3.04(a) (M.D. Fla.) provides:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds

---

[1] In the motion to compel, Plaintiff asserts that Defendants have not objected to any of his requests for production of documents (Dkt. 38 at p. 4). Instead, Plaintiff asserts that Defendants have responded to his production request by informing him that copies of the documents will be provided to him after he pays the copying and postage costs (Id. at p. 3; Dkt. 39 at p. 9).

> therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. *The opposing party shall then respond as required by Rule 3.01(b) of these rules*.

(emphasis added).

Local Rule 3.01(b) provides:

> Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages.

Defendants have not filed a response in opposition to the motion to compel. Consequently, the motion to compel will be granted.

**Motion for Extension**

Pursuant to Rule 6, Federal Rules of Civil Procedure, Plaintiff moves the Court to extend the fact discovery cut-off date, currently April 2, 2012 (see Dkt. 33 at p. 1), for an additional 88 days (Dkt. 41). In support of the motion for extension, Plaintiff asserts that Defendants' "failure to produce the requested documents has slowed and delayed the discovery process" and "Plaintiff will need additional time to develope [sic] the record through the fact discovery stage."

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Id. Once good cause is shown, the Court will consider the motion on its merits, in accordance with the other applicable rules. This Court takes adherence to the scheduling order seriously. In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts. *See Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309

(M.D. Fla. 2000) (internal citations omitted). A "district court has wide discretion in determining whether to grant an extension of time for discovery." *Taylor v. Foremost-McKesson, Inc.*, 656 F.2d 1029, 1033 (5th Cir. 1981) (citations omitted).

Defendants have not filed a response in opposition to the motion for extension. The Court concludes that under the circumstances, Plaintiff has shown good cause warranting a brief extension of the fact discovery cut-off deadline.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Motion to Compel Discovery (Dkt. 38) is **GRANTED** in part and **DENIED** in part.

    (a)    Defendants shall produce documents responsive to Plaintiff's January 5, 2012 Request for Production of Documents on or before April 13, 2012.[2]

    (b)    Plaintiff's request for costs for bringing this motion is **DENIED**.[3]

---

[2] The Court notes that "[a]s a general rule, indigent litigants bear their own litigation expenses." *Tabron v. Grace*, 6 F.3d 147, 159-160 (3d Cir. 1993). Further, Defendants are not required to provide Plaintiff with copies of the requested documents at Defendants' expense. *See Monarch Ins. Co. v. Spach*, 281 F.2d 401, 413 n.30 (5th Cir. 1960) ("Ordinarily, [Rule 34] does not require the adversary to furnish copies."). The Court also notes, however, that Plaintiff is currently incarcerated at the Falkenburg Road Jail, Hillsborough County, Florida (see Dkt. 41). Therefore, Defendants may comply with this Order by either making copies of the requested documents for Plaintiff at Defendants' expense, or allowing Plaintiff to inspect the relevant documents and provide Plaintiff with paper and a pen or pencil to make notes regarding the documents. If Defendants choose the latter course, and Plaintiff thereafter requests a copy of any or all documents, Plaintiff may obtain copies if he pays the copying costs in advance. *See generally* Moore's Federal Practice -- Civil § 34.14.5 ("A party producing documents will ordinarily not be put to the expense of making copies for the requesting party.").

[3] Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." *Reedy v. Lull Engineering Co., Inc.*, 137 F.R.D. 405, 409 (M.D. Fla. 1991). The Court does not find just cause that would require the Court to impose sanctions against Defendants at this time because the Defendants' nondisclosure, i.e., requiring prepayment of the copying and postage costs, "was substantially justified." See Fed.R.Civ.P., Rule 37(a)(5)(A)(ii).

2. Plaintiff's Motion to Extend Fact Discovery Cut-Off Date (Dkt. 41) is **GRANTED in part**. The discovery cut-off date is extended to **May 15, 2012.** All other deadlines remain the same as set forth in the Case Management and Scheduling Order (Dkt. 33).

**DONE** and **ORDERED** in Tampa, Florida on March 27, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Plaintiff *pro se*
 Counsel of Record